```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF INDIANA
              HAMMOND DIVISION


UNITED STATES OF AMERICA,      )
                               )
Plaintiff,                     )
                               )
vs.                            )   NO. 2:10-CR-109
                               )       (2:15-CV-275)
DANTE LEANDRO REYES,           )
                               )
Defendant.                     )
```

## OPINION AND ORDER

This matter is before the Court on: (1) the Motion Under 28 U.S.C. Section 2255 To Vacate, Set Aside, Or Correct Sentence By a Person in Federal Custody, filed by Dante Leandro Reyes on July 17, 2015 (DE #1225); and (2) the Motion for Expansion of the Record, also filed by Dante Leandro Reyes on July 17, 2015 (DE #1227). For the reasons set forth below, the section 2255 motion is **DENIED** and the motion for expansion of the record is **DENIED AS MOOT**. The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**. The Clerk is **ORDERED** to distribute a copy of this order to Dante Leandro Reyes, #04835-748, BEAUMONT FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 26020, Beaumont, TX 77720, or to such other more current address that may be on file for the Defendant. Further, this Court declines to issue a certificate of appealability.

BACKGROUND

On November 16, 2011, a Third Superseding Indictment was filed against Defendant, Dante Leandro Reyes a/k/a "DK", and twenty other defendants.[1] (DE #230). Reyes was charged in Count One and Count Two of the 15-count Third Superseding Indictment. Count One charged Reyes and others with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962. Count Two charged Reyes and others with conspiracy to possess with intent to distribute and distribute cocaine and marijuana in violation of 21 U.S.C. § 846.

On March 13, 2013, Reyes entered into a plea agreement with the Government, and the agreement was filed with this Court. (DE #809). In it, Reyes agreed to plead guilty to Count One of the Third Superseding Indictment, and the Government agreed to move to dismiss Count Two at the time of the sentencing. (*Id.*, ¶¶ 7(a) and 8). The Government and Reyes also reached certain agreements that were not binding on the Court. (*Id.*, ¶ 9). Specifically, they agreed that, if Defendant continued to accept responsibility for his criminal conduct, he should receive a two point, and if eligible, an additional one point reduction in his Guideline offense level. (*Id.*, ¶ 9(a)). The Government agreed to recommend that Reyes be sentenced at the low end of the applicable guideline

---

[1] The case had a total of 23 defendants, but two plead guilty prior to the filing of the Third Superseding Indictment.

range. (*Id.*, ¶9(b)). Additionally, the parties agreed that "defendant can argue for a sentence below the guidelines for the offense in Count 1" but that "the government will oppose any sentence below the guidelines." (*Id.*, ¶ 9(c)). In exchange for these benefits, the plea agreement contained the following wavier:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, Unites States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, Unites States Code, Section 2255.

(*Id.*, ¶ 11).

Further, Defendant agreed that his attorney had "done all that anyone could do to counsel and assist [him]," that he was offering his guilty plea "freely and voluntarily and of [his] own accord," that "no promises [had] been made to [him] other than those contained in [the] agreement," and that he had not been "threatened in any way by anyone to cause [him] to plead guilty in accordance

3

with [the] agreement." (*Id.*, ¶¶ 14-15).

This Court held a change of plea hearing on March 14, 2013. (DE ##810, 1075). When asked whether he was "fully satisfied with the counsel, representation, and advice given to you in this case by Mr. O'Toole as your attorney?" Reyes replied "yes, sir." (DE #1075, p. 8). After Reyes read through paragraphs 7 through 9 of his plea agreement, the Court asked him whether he read it previously, understood it, agreed with it, and was asking the Court to approve it. Reyes answered yes to each of these questions. (*Id.*, pp. 8-9). Reyes acknowledged repeatedly that he agreed with the individual and collective terms of the plea agreement and confirmed that he wanted to plead guilty under the agreement. (*Id.*, pp. 8-42).

The Court informed Reyes that for Count One, "the most that you could get would be life imprisonment, a fine of up to $250,000, or a combination of both, up to five years of supervised release, full restitution and a $100 special assessment," and Defendant answered that he understood. (*Id.*, p. 13). Additionally, the Court advised Defendant that "[t]he least you could get would be probation, no fine, no supervised release, no restitution, but you still would have a $100 special assessment," and Defendant indicated that he understood. (*Id.*).

The Court also confirmed that Reyes understood that the Court would ultimately decide Defendant's sentence and that neither the

4

Government's recommendations nor the Guidelines were binding. (*Id.*, pp. 14-17). During the hearing, this Court questioned Reyes extensively about his voluntary waiver of his right to appeal, including the following excerpts from that colloquy:

> Q: Mr. Reyes, I want you to also read right now paragraph 11 of the plea agreement.
>
> A: I finished, Your Honor.
>
> Q: Basically what that says, Mr. Reyes, is that in all criminal cases a defendant has a right to appeal his conviction and/or sentence in a case? Do you understand that?
>
> A: Yes, sir.
>
> Q: You recall in this case you agreed that I have the jurisdiction to sentence you up to the maximum provided for by the statute? Remember you and I talked about when I said you were facing up to life imprisonment, a fine of up to $250,000 or a combination of both of these, up to five years of supervised release and a $100 special assessment. Do you recall that?
>
> A: Yes, sir.
>
> Q: What you're basically doing in this paragraph, Mr. Reyes, is you're giving up all of your rights to appeal any sentence of any finding of guilty in your situation. Do you understand that?
>
> A: Yes, sir.
>
> Q: That's for all practical purposes all of your rights to an appeal. There's some you can't give up like jurisdiction. That includes incompetence of counsel except as it relates to this plea agreement or its negotiation – this waiver or its negotiation. Do you understand that?
>
> A: Yes, sir.

Q: You sure this is what you want to do?

A: Yes, sir.

Q: You understand that down the road you're not going to be able to call up Mr. O'Toole and say, I don't like what that judge sentenced me to, I want to appeal, or, that judge went crazy and gave me a sentence that was too high, I want to appeal. You won't have any rights to do that anymore. Do you understand that?

A: Yes, sir.

Q: Do you understand that the government is not giving up any of their rights to an appeal?

A: Yes, sir.

Q: Have you talked to your attorney about this paragraph?

A: Yes, sir.

Q: He answer all of your questions?

A: Yes, sir.

Q: Do you have any questions for the Court?

A: No, sir.

Q: And, again, I will ask you, are you sure this is what you want to do?

A: Yes, sir.

Q: Are you doing it knowingly and voluntarily?

A: Yes, Your Honor.

Q: And are you asking me to approve it as part of the plea agreement?

A: Yes, sir.

(*Id.*, pp. 26-28).

On September 18, 2013, the Court sentenced Reyes. (DE ##1054, 1076). There were no objections to the Guideline calculation set forth in the Presentence Report. (DE #1022). This Court sentenced Reyes to imprisonment for 262 months. (DE #1054). Additionally, the Court granted the Government's motion to dismiss Count Two of the Third Superseding Indictment. (DE #1055).

On October 2, 2013, Reyes filed a notice of appeal. On August 29, 2014, the Seventh Circuit Court of Appeals dismissed Reyes' appeal. (DE # 1149-2).

Thereafter Reyes moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). On July 14, 2015, this Court reduced Reyes sentence from 262 months of imprisonment to 210 months of imprisonment. (DE #1224).

Reyes filed the instant motion under section 2255 on July 17, 2015, setting forth two grounds for relief: (1) that his Fifth Amendment Due Process rights were violated when the Government breached the express terms of the plea agreement; and (2) that his trial counsel was ineffective in failing to object to the Government's breach of the plea agreement. (DE #1225 at 4-5). He may also be arguing that his appellate counsel was ineffective by failing to argue that the Government breached the plea agreement on direct appeal. (DE #1225 at 4). In response, the Government contends that all of Reyes's arguments were waived. (DE #1266). Reyes did not file a reply brief. Therefore, this motion is fully briefed and ripe for adjudication.

7

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus motion pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.*; *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a

8

fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Defendant's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the

9

Court assessed Reyes's claims with these guidelines in mind.

Waiver

The Seventh Circuit has recognized the validity of plea agreement waivers and will enforce the waiver unless there is a claim that the waiver was entered into involuntarily or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones* stated that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

*Id.* at 1145. In *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.*

10

Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

It is undisputed that in his plea agreement, Reyes waived his right to appeal or contest his conviction and sentence "to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under . . . Title 28, United States Code, Section 2255." (DE #809, ¶ 11).

This Court is satisfied that Defendant knowingly and intelligently waived his right to seek post-conviction relief. *See, e.g., United States v. Davis*, 348 F. Supp. 2d 964, 966 (N.D. Ind. 2004) (finding, under a similar section 2255 waiver, that defendant knowingly and intelligently waived his right to file a section 2255 motion). To the extent that Defendant now argues to the contrary, "[s]elf-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing - the latter are presumed to be true." *United States v. Mosley*, No. 93-1829, 1994 WL 503016, at *3 (7th Cir. Sept. 14, 1994) (citing, *inter alia, United States v. Scott*, 929 F.2d 313, 315 (7th Cir. 1991)

("To allow [defendant] to withdraw his plea because of secret expectations that he harbored in the face of his directly contradictory sworn testimony would undermine the strong societal interest in the finality of guilty pleas.")). As set forth by the Court earlier in this opinion, Defendant repeatedly testified during his hearing that he was satisfied with his counsel's performance, that he was knowingly and voluntarily pleading guilty, and that he understood the charges against him and the possible sentence he was facing. As such, the Court is satisfied that he knowingly and intelligently entered into the plea agreement.

Furthermore, none of Reyes's claims of ineffective assistance relate directly to the waiver or its negotiation. Each of his claims stems, in one way or another, from the alleged failure of the Government to comply with the terms of the plea agreement. In short, he claims that he didn't get what he bargained for and both his trial and appellate counsel were ineffective because they did not either object to the Government's failure to comply with the agreement or appeal on the basis of this alleged failure. These claims do not even purport to have anything to do with the waiver or its negotiation, and are therefore waived. *See United States v. Clarke*, No. 11 C 7404, 2012 WL 588708 *4 (N.D. Ill. Feb. 16, 2012 aff'd 703 F.3d 1098 (7th Cir. 2013)(holding that a similar claim was waived and that petitioner had made no allegations related to the negotiation of her waiver). Accordingly, each and every one of Reyes's arguments are waived.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

For the reasons set forth above, Reyes has not stated any grounds for relief under section 2255. The Court finds no basis for a determination that reasonable jurists would find this decision debatable or incorrect or that the issues deserve encouragement to proceed further. Therefore, a certificate of appealability will not be issued.

CONCLUSION

For the aforementioned reasons, Defendant's section 2255 motion is **DENIED** and the motion for expansion of the record is **DENIED AS MOOT**. The Clerk is **ORDERED** to **DISMISS** this case **WITH**

**PREJUDICE**. Further, this Court declines to issue Defendant a certificate of appealability. The Clerk is **ORDERED** to distribute a copy of this order to Dante Leandro Reyes, #04835-748, BEAUMONT FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 26020, Beaumont, TX 77720, or to such other more current address that may be on file for the Defendant. Further, this Court declines to issue a certificate of appealability.

**DATED: April 24, 2017**                 **/s/ RUDY LOZANO, Judge**
                                                               **United States District Court**