**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:10-CR-109-10-TLS-APR |
| DANTE LEANDRO REYES | |

## OPINION AND ORDER

This matter is before the Court on an Emergency Motion for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a)(i) Pertaining to Covid-19 filed by Defendant Dante Leandro Reyes pro se on February 1, 2021 [ECF No. 1521]. Defendant Reyes seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 pandemic and his personal risk factors. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On March 14, 2013, the Defendant pleaded guilty to Count 1 of the Third Superseding Indictment, charging the Defendant with Conspiracy to Participate in Racketeering Activity in violation of 18 U.S.C. 1961(1) and (5). *See* ECF Nos. 230 and 810. On September 18, 2013, the Court sentenced the Defendant to 262 months. *See* ECF No. 1054. The Court also imposed a term of supervised release of three years. *Id.* On July 14, 2015, the Court reduced the sentence to 210 months pursuant to U.S. Sentencing Commission Amendment 782. *See* Order, ECF No. 1224.

The Defendant filed his motion [ECF No. 1521], on February 1, 2021, asking to be released in light of the COVID-19 pandemic. The Court then issued an Order referring the Defendant's Motion to the Federal Community Defenders Office on February 3, 2021. *See* ECF No. 1522. The Federal Community Defenders filed a Notice of Non-Representation [ECF No.

1523] on February 4, 2021, noting that the Northern District of Indiana Federal Community

Defenders, Inc. would be unable to assist the Defendant. The Court ordered the Government to

file its opposition by February 19, 2021 [ECF No. 1527]; the Government did so [ECF No.

1536]. The Defendant has not filed a reply, and the time to do so has passed.

## ANALYSIS

The Defendant asks the Court to reduce or modify his sentence to time served, pursuant

to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) based on the threats posed

by the COVID-19 pandemic. Def.'s Mot. 1, ECF No. 1521. For the reasons set forth below, the

Court denies the Defendant's Motion.

**A.    The Defendant's Sentence Should Not Be Reduced Pursuant to 18 U.S.C.
        § 3582(c)(1)(A)**

Following the imposition of a sentence, a court may not modify the term of imprisonment

absent specific circumstances enumerated in 18 U.S.C. § 3582(c). One such circumstance allows

a court to grant a defendant compassionate release if certain requirements are met. 18 U.S.C.

§ 3582(c)(1)(A). The statute provides that

> the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of*
> *the defendant* after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's
> behalf or the lapse of 30 days from the receipt of such a request by the warden of
> the defendant's facility, whichever is earlier, may reduce the term of
> imprisonment (and may impose a term of probation or supervised release with or
> without conditions that does not exceed the unserved portion of the original term
> of imprisonment), after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>
>> and that such a reduction is consistent with the applicable policy
>> statements issued by the Sentencing Commission . . . .

*Id.* (emphasis added). Thus, the statute sets out four requirements: exhaustion of administrative

remedies, consideration of whether "extraordinary and compelling reasons" warrant a reduction

2

in the term of imprisonment, consideration of the § 3553(a) factors, and consistency with the applicable Sentencing Commission policy statements.

While the statute does not define "extraordinary and compelling reasons," Congress provided:

> The [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t).

Pursuant to that authority, the Sentencing Commission Policy Statement on § 3582(c)(1)(A) provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. Sentencing Guidelines Manual § 1B1.13. The commentary to the Policy Statement then provides that extraordinary and compelling reasons exist under any of these circumstances:

> (A)    Medical Condition of the Defendant.—
>
>> (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)     The defendant is—

        (I)     suffering from a serious physical or medical condition,

        (II)    suffering from a serious functional or cognitive impairment, or

        (III)   experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)     Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)     Family Circumstances.

    (i)     The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)    Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.

Policy Statement § 1B1.13 was effective November 1, 2018, but has not been updated to reflect that the First Step Act amended § 3582(c)(1)(A) in December 2018 to allow a motion to be brought by a defendant and not only by the Bureau of Prisons. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 4 ("A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A)."). The Seventh Circuit has recently explained that the Sentencing Commission

has been unable to update this policy statement to reflect the implementation of the First Step

Act because the Commission lacks a quorum. *See United States v. Gunn*, — F.3d—, No. 20-

1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020). Nevertheless, the Seventh Circuit held

that district courts are authorized to determine what constitutes an "extraordinary and

compelling" reason warranting a reduction in the defendant's sentence even when the defendant

and not the BOP moves for compassionate release. *Id.* The Seventh Circuit has also indicated

that district courts should rely on § 1B1.13 for guidance when determining whether such an

"extraordinary and compelling reason" exists. *See id.* ("The substantive aspects of the Sentencing

Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of

'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an

appellate holding that judicial discretion has been abused. In this way the Commission's analysis

can guide discretion without being conclusive.").

1.      ***Extraordinary and Compelling Reasons***

First, as to exhaustion of administrative remedies, on December 21, 2020, Defendant

wrote to the warden at FCC Beaumont and requested compassionate release based on his obesity,

hypertension, and severe vitamin D deficiency. Def.'s Mot. 3; *see also* Def.'s Ex. 1–2, ECF No.

1521-2. The Defendant notes he has not received a response from the Warden; and the

Government does not argue the Defendant has failed to exhaust his administrative remedies.

Therefore, the Court considers whether the Defendant has established the existence of an

extraordinary and compelling reason warranting his release. The Court recognizes that COVID-

19 poses a general threat to every non-immune person in the country, "the mere existence of

COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

independently justify compassionate release, especially considering BOP's statutory role, and its

extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d

594, 597 (3d Cir. 2020); *see also* COVID-19 Coronavirus,

https://www.bop.gov/coronavirus/index.jsp (last visited Apr. 28, 2021). Rather, § 3582(c)(1)(A)

contemplates a sentence reduction for specific individuals based on the individuals' particular

circumstances of where he is housed and his personal health conditions. *See United States v.*

*Downing*, No. 18-cr-40037, 2020 WL 2789790, at *2 (C.D. Ill. May 29, 2020) ("[A] prisoner

[may] satisfy the extraordinary and compelling reasons requirement by showing that his

particular institution is facing a serious outbreak of COVID-19 infections, the institution is

unable to successfully contain the outbreak, and his health condition places him at significant

risk of complications should he contract the virus." (quoting *United States v. Melgarejo*, No. 12-

cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020))).

The Defendant's Motion argues that he should be released because as "a 48 year-old man

with his medical condition is among those most [at] risk of death if infected by Covid-19." Def.'s

Mot. 4. FCI Beaumont Low, like all BOP facilities, has strict precautions in place including

screening and quarantining all newly arriving detainees, isolating all symptomatic detainees until

medically cleared, and issuing and encouraging the use of face masks. *See* BOP Modified

Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Apr. 28, 2021).

The FCI Beaumont Low facility currently has 0 inmate and 1 staff COVID-19 cases, with a total

inmate population of 1,777. *See* COVID-19 Cases, https://www.bop.gov/coronavirus/ (last

visited Apr. 28, 2021). This number has decreased since the Government's Response; on

February 19, 2021, the facility had 1 inmate and 3 staff cases. *See* Gov't's Br. at 19. It is not

clear that the Defendant would be safer from contracting COVID-19 if he were released, as the

pandemic has grown worse nationwide since he filed his Motion and the current positivity rate in

the state of Texas, where much of the Defendant's family is located, is 12.52%. *See* Texas' State

Overview, Past Week, https://coronavirus.jhu.edu/region/us/texas (last visited Apr. 28, 2021).

The Defendant also argues that he faces particularized risks created by the COVID-19 pandemic because of his medical conditions, specifically his vitamin D deficiency, hypertension, and obesity.[1] *See* Def.'s Mot. at 2–3. It is generally accepted that certain individuals are at a higher risk of experiencing significant complications if they contract COVID-19. *See* People at Increased Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Apr. 28, 2021). The Centers for Disease Control and Prevention have indicated that individuals with obesity and/or hypertension, two conditions the Defendant has been diagnosed with, "**can make you more likely** to get severely ill from COVID-19." People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 28, 2020).[2] The Court takes seriously the risks associated with contracting COVID-19 and recognizes that certain individuals are at a higher risk of "hospitalization, intensive care, a ventilator to help them breathe, or they may even die" if they were to contract the virus. *Id.*

Notwithstanding the potential risks identified by the Centers for Disease Control and Prevention, the Defendant has not established the existence of an extraordinary and compelling reason warranting his release. Indeed, this Court has generally denied requests for compassionate release from defendants with conditions similar to the Defendant. *See, e.g.*, *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *6 (N.D. Ind. June 11, 2020)

---

[1] The Defendant also cites his age, as he will soon be 49. *See* Def.'s Mot. 4. However, 49 years old is not an advanced age. *See United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *6 (N.D. Ind. June 11, 2020) ("Defendant is 49 years old and, thus, is not of advanced age."); *see also United States v. Garcia*, No. 2:16-CR-89-PPS, 2020 WL 2520923, at *2 (N.D. Ind. May 18, 2020) ("[The Defendant] is 50 years old, not of advanced age . . . ."), *reconsideration denied*, No. 2:16-CR-89-PPS, 2020 WL 5627449 (N.D. Ind. Sept. 21, 2020).

[2] The Defendant says in his motion that profound vitamin D deficiency is a high-risk factor according to the CDC Guidelines; however, the Defendant does not cite specific guidelines and it is not one of the listed factors on the CDC's website. *See* Def.'s Mot. 2.

(finding a reduced term for compassionate release under § 3582(c)(1)(a) not warranted for a 49-year-old with asthma and obesity) (collecting cases). The Government has submitted hundreds of pages of medical records, which indicate that the Defendant receives adequate medical care and that his conditions are well managed.[3] The Defendant's medical conditions, considered in tandem with the conditions at FCI Beaumont Low, do not establish an extraordinary and compelling reason warranting his release; therefore, he is ineligible for a reduction in his term of imprisonment.

**2.      *Consideration of the § 3553(a) Factors***

In the instant case, the § 3553(a) factors also weigh in favor of denying the Defendant's Motion. The Defendant was a high-ranking official in the Latin Kings gang and responsible for a large quantity of drugs. *See* Sentencing Transcript 21:7–14, ECF No. 1076. The Court finds that deterrence, protection of the public, just punishment, respect for the law, and the serious nature of the offense all warrant denial of early release for the Defendant and weigh in favor of denying the motion.

With Defendant's sentence of 210 months imprisonment and a projected release date of March 2027, Defendant has six years remaining on the original sentence of 17.5 years, which means he has served less than 75 percent of his term of imprisonment. Defendant has presented no compelling argument to change the Court's finding that the original sentence of 210 months

---

[3] The Defendant's medical records indicate he has been diagnosed with and recovered from Covid-19. The Defendant argues that "the BOP's policy equation of: 'test positive + 10 days = recovered' has proven time and time again, via numerous inmate deaths weeks and months after being labeled 'recovered,' as being lethal to currently incarcerated inmates." Def.'s Mot. 3. However, the Defendant's medical records indicate that, after he was marked "recovered," he disclaimed Covid-19 symptoms. The CDC notes that cases of reinfection have been reported but "remain rare." Reinfection with Covid-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Apr. 28, 2021).

imprisonment was sufficient, but not greater than necessary, to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Therefore, based on Defendant's specific circumstances, the Court finds that a reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted. *See United States v. Miller*, No. 2:12-CR-10, 2021 WL 1145810, at *3 (N.D. Ind. Mar. 25, 2021) (denying motion for compassionate release, even though the defendant was 56 years old, had multiple medical conditions, and had contracted Covid-19 once already, when 14 staff and no inmates were currently infected at the defendant's facility); *United States v. Shah*, 16-20457, 2020 WL 1934930, at *1–2 (E.D. Mich. Apr. 22, 2020) (denying motion for compassionate release on the basis that, although the defendant suffers from diabetes and hypertension, there were no cases of COVID-19 in his facility and the BOP is making strict efforts to protect inmates); *United States v. Desage*, 2:13-cr-39, 2020 WL 1904584, at *1–4 (D. Nev. Apr. 17, 2020) (denying relief for a 69-year-old inmate at outset of 36-month sentence, given his criminal record, even though he is diabetic, because he would be isolated and the BOP is taking steps to keep inmates safe).

## CONCLUSION

For the foregoing reasons, the Court DENIES the relief requested in the Defendant's Motion for Reduction in Sentence [ECF No. 1521]. The Motion is denied without prejudice and with leave to refile should there be a change of circumstances involving the Defendant.

SO ORDERED on April 28, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT