# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:10-CR-109-10-TLS-APR |
| DANTE REYES | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Reduce Sentence Pursuant to U.S. Sentencing Commission Amendment 821 [ECF No. 1781], filed on January 5, 2024. Therein, Defendant Dante Reyes requests, through counsel, that the Court reduce his sentence pursuant to the retroactive components of Amendment 821 of the United States Sentencing Guidelines. Pursuant to General Order 2023-32 of this District, on February 5, 2024, the United States Probation Office filed an addendum to the Presentence Investigation Report reflecting that the Defendant is eligible for relief under the Amendment. ECF No. 1789. On March 16, 2024, the parties filed a joint statement in support of the Defendant's motion, recommending that the Defendant's sentence be reduced to 188 months. ECF No. 1792.

## BACKGROUND

On September 18, 2013, the Defendant was sentenced by then-presiding Judge Lozano to 262 months of imprisonment to be followed by a term of three years of supervised release. ECF Nos. 1054, 1060. At the time of sentencing, the Defendant's offense level was 37. He had 2 criminal history points based on his prior convictions and an additional 2 "status points" for committing the instant offense while on probation, for a total of 4 points placing him in Category III. This resulted in a Guidelines recommended sentencing range of 262 to 327 months. On July 14, 2015, then-presiding Judge Lozano reduced the Defendant's sentence to 210 months based

on Amendment 782 of the United States Sentencing Guidelines. ECF No. 1224 at 1. Amendment 782 had the effect of lowering the Defendant's total offense level from 37 to 35, resulting in an amended Guidelines range of 210 to 262 months. *Id*. at 2.

## DISCUSSION

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. *Id.* at 828–29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827. One such factor includes the defendant's post-sentencing conduct. *See Pepper v. United States*, 562 U.S. 476, 492 (2011).

As to the step one analysis under *Dillon*, the Court agrees with the parties that the Defendant is eligible for resentencing as his original Guidelines range was reduced by a subsequent act of the Sentencing Commission. In their joint statement, the parties' recommendation that the Defendant's sentence be reduced is based on a Guidelines adjustment for "status points," which was the subject of a retroactive portion of Amendment 821. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under

subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). Under this amendment, the Defendant now receives 0 status points instead of 2 and has a total of 2 criminal history points instead of 4. *See* U.S.S.G. § 4A1.1(e). This would result in his placement in Criminal History Category II, instead of Category III, and a revised Guideline sentence of 188 to 235 months of imprisonment instead of 210 to 262 months.

Turning to the step two analysis, the Court finds the parties' recommendation is appropriate under the circumstances of the case. Application of the § 3553(a) factors supports a reduction in sentence to the same point in the amended guidelines range as the point originally selected in applying the earlier Guidelines ranges. The original sentence and the modified sentence based on Amendment 782 were at the low end of the applicable Guideline ranges, while the new sentence would also be at the low end. The Court finds that the Defendant's post-sentencing conduct warrants a reduction, as he has not had disciplinary problems in almost nine years and has earned credit for good conduct time of approximately 19 months. The Bureau of Prisons is responsible for the calculation of good time credits and release date.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

1. The Defendant's Motion to Reduce Sentence Pursuant to U.S. Sentencing Commission Amendment 821 [ECF No. 1781] is GRANTED and the Defendant's pro se Motion for a Reduced Sentence of Imprisonment under 18 U.S.C. Section 3582(c)(2) [ECF No. 1777] is DENIED as moot;

2. A Second Amended Judgment be entered reducing the Defendant's sentence to 188 months;

3. The provisions of the Defendant's Amended Judgment [ECF No. 1060] of September 23, 2013, shall otherwise remain unchanged;

4. This Opinion and Order, as well as the Second Amended Judgment, be provided to the Bureau of Prisons.

SO ORDERED on March 6, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
